FILED
U.S. DISTRICT COURT

2007 APR -3  P 3: 45

DISTRICT OF UTAH

BY: _____

Kent W. Spence, *Pro Hac Vice*
THE SPENCE LAWYERS
P.O. Box 548
Jackson, Wyoming 83001
Phone Number (307) 733-7290
Facsimilie: (307) 733-5248
Email: kspence@spencelawyers.com

Edwin S. Wall, Utah Bar No. 7446
Edwin S. Wall, P.C.
341 South Main Street, Ste. 406
Salt Lake City, Utah 84111
Phone Number: (801) 523-3445
Email: wallsec@xmission.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DAYMIAN HUGHES, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SALT LAKE CITY, UTAH; ) | Case No.: |
| RICK DINSE, Chief of Police in individual ) | |
| and official capacity; Salt Lake City Police ) | |
| Officers D. TAYLOR, individually and in ) | |
| his official capacity; H. FLANDERS, ) | Judge Ted Stewart |
| individually and in her official capacity; ) | DECK TYPE: Civil |
| and, JOHN DOES I - V, individually and in ) | DATE STAMP: 04/03/2007 @ 15:43:17 |
| their official capacity., ) | CASE NUMBER: 2:07CV00209 TS |
| ) | |
| Defendants. ) | |

## COMPLAINT
## AND JURY DEMAND

## COMPLAINT

COMES NOW DAYMIAN HUGHES, individually, Plaintiff herein, and for his Complaint pleads and alleges as follows:

### I.

### INTRODUCTION

This is an action for money damages by Daymian Hughes, a citizen of the State of Utah and the United States who was wrongfully shot by police officers of the Salt Lake City Police Department, who unlawfully arrested, assaulted, harassed and shot him in his own home, where he was peacefully and lawfully present. This action is brought under the laws of Utah and the United States Constitution against Defendants Salt Lake City Police Officers D. Taylor, H. Flanders and John Does I-V for their conduct complained of herein, Salt Lake City Chief of Police, Rick Dinse as the supervisory officer responsible for the conduct of the defendants and for his failure to take corrective action with respect to police personnel who were improperly, inadequately and insufficiently trained and supervised and/or for his failure to implement meaningful procedures and/or policies to discourage lawless official conduct, and against Salt Lake City, the employer of the police personnel, which is sued as a person under 42 U.S.C. § 1983.

### II.

### JURISDICTION AND VENUE

1.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2.      This Court has jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the claims arise under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(3)(4) because the case is maintained to redress the deprivation under color of State law, right, privileges and immunities secured by the Constitution and by Act of Congress

providing for the protection of civil rights, including 42 U.S.C. § 1983 and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

3.      Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction over any claims arising under Utah law.  Plaintiff has exhausted his administrative remedies with regard to those claims.  Plaintiff served notice to the appropriate governmental entities pursuant to the Utah Governmental Immunity Act, Utah Code Ann. § 63-30d-101 *et seq.*

4.      Pursuant to 28 U.S.C. § 1391(b)(2), proper venue for this case is the United States District Court for the District of Utah, Central Division, because the acts and omissions complained of occurred within the District of Utah, Salt Lake County.

5.      A notice of claim in proper form, complying with the provisions of the Governmental Immunity Act of Utah U.C.A.§63-30d-401 et. seq. on October 20, 2006.

## III.

## PARTIES

6.      Plaintiff, Daymian Hughes, is a citizen of the State of Utah, residing in Salt Lake City, County of Salt Lake, Utah.

7.      Salt Lake City is a political subdivision of the State of Utah and, at all relevant times, it employed Defendants Rick Dinse, D. Taylor,  H. Flanders and Does 1-V.

8.      Defendant Rick Dinse is a natural person, and was at all times relevant to the events described herein a citizen of the State of Utah, a resident of the State of Utah, and on information and belief a resident of the County of Salt Lake, Utah.

9.      Defendant Rick Dinse was at all relevant times was the duly appointed Chief of Police of the Salt Lake City Police Department.  As such, he was the commanding officer of Defendants D. Taylor,  H. Flanders and Does 1-V and was responsible for their training, supervision and conduct.  He was also responsible by law for implementing and/or enforcing the regulations of the Salt Lake City Police Department and for ensuring the Salt Lake City Police

personnel obey the laws of the State of Utah and the United States.  At all relevant times he was acting in such capacity as the agent, servant and employee of the Defendant Salt Lake City.  He is sued individually and in his official capacity.

10.    Defendant D. Taylor is a natural person and was at all times relevant to the events described herein a citizen of the State of Utah, a resident of the State of Utah, and on information and belief a resident of the County of Salt Lake, Utah.

11.    Defendant D. Taylor was at all relevant times employed by the Salt Lake City Police Department as a police officer.  At all relevant times he was acting in such capacity as the agent, servant and employee of the Defendant Salt Lake City.  He is sued individually and in his official capacity.

12.    Defendant H. Flanders is a natural person and was at all times relevant to the events described herein a citizen of the State of Utah, a resident of the State of Utah, and on information and belief a resident of the County of Salt Lake, Utah.

13.    Defendant H. Flanders was at all relevant times employed by the Salt Lake City Police Department as a police officer.  At all relevant times she was acting in such capacity as the agent, servant and employee of the Defendant Salt Lake City.  She is sued individually and in her official capacity.

14.    Defendants John Does I-V were at all material times herein employees and against of the Salt Lake City Police Department, Salt Lake City, County of Salt Lake, Utah.  At all relevant times they were acting in such capacity as the agents, servants and employees of the Defendant Salt Lake City.  Does I-V are sued individually and in their official capacity.

### IV.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

15.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14 above.

16.     On or about October 22, 2005, Daymian Hughes was shot in his home by D. Taylor of the Salt Lake City Police Department.

17.     On or about October 22, 2005, Daymian Hughes and his friend, Delaney Chaves, were at Daymian Hughes' home, located at 1544 E. Laird Avenue, Salt Lake City, Utah, enjoying a peaceful evening together.

18.     On or about October 22, 2005 Officers D. Taylor and H. Flanders of the Salt Lake Police Department were dispatched to respond to a domestic disturbance call.

19.     Officers D. Taylor and Officer H. Flanders were in police uniforms and on duty for the Salt Lake Police Department.

20.     The dispatcher informed Officers D. Taylor and H. Flanders that the location where the domestic disturbance occurred was not known; and that caller who reported the domestic disturbance had given her address and described the location as "kitty corner" from her residence to the south west. The caller had added that there was an older white vehicle in the driveway of the residence, and, according to dispatch, that there was allegedly a male and female fighting outside.

21.     Upon arriving at the scene, Officers D. Taylor and H. Flanders did not observe anyone outside, nor did they see anyone engaged in a domestic disturbance.

22.     Neither Officer H. Flanders nor Officer D. Taylor made contact with the caller, nor obtained any additional information regarding where the alleged fighting parties were located prior to proceeding to Daymian's home, which Officer H. Flanders describes as being located south and west of the caller's residence with an older white vehicle in the driveway.

23.     Although no probable cause or reasonable suspicion existed to allow Officers D. Taylor and H. Flanders to enter Daymian Hughes' home, Officer D. Taylor and Officer H. Flanders quietly and secretively gained entry through the locked screen door and entered Daymian Hughes's home.

24.     Neither Officer D. Taylor nor Officer H. Flanders announced their presence or that they were Law Enforcement Officers.

25.     Instead, Officer D. Taylor and Officer H. Flanders moved stealthily into the front room in crouched positions, through the dining room east of the main entrance, and continued on into the kitchen.  Officer Taylor was in the lead with his firearm drawn and in his hand, and Officer Flanders was behind him and slightly to the left.

26.     At all relevant times the bedroom had two doors, one opening that faced into the front room and the front door and another into a hall connected to the kitchen.  The bedroom door leading into the front room was blocked by a couch.  The bedroom doors were fully opened. Even so, one could look into the bedroom above the couch, from the front room, where the front door to the house was located.

27.     At the time Officers D. Taylor and H. Flanders entered Damian Hughes's home, Daymian Hughes and Delaney Chaves were in the bedroom, on the bed, quietly talking.

28.     At all relevant times Daymian Hughes and Delaney Chaves were clothed.

29.     As Officers D. Taylor and H. Flanders proceeded in near the hall, Damian Hughes was alerted to there being someone in the home.  Unable to see the intruder's face or clothing, Daymian Hughes responded with a raised voice and by moving toward the hall to investigate.

30.     Upon seeing that the intruder was holding what appeared to be a firearm in his hand, Daymian Hughes, raised his hands in the air to show surrender and said words to the effect, "I see you have a gun, are you going to shoot me?"

31.     Daymian Hughes was not violent or confrontational with the intruders/Defendants. He merely stood scared in his bedroom passively, with his hands above his head, as the Defendants held him at gunpoint.

32.     Daymian Hughes was not armed nor did he pose any type of objective threat to the Defendants.

33.     At this point, Officer D. Taylor pointed his firearm at Daymian Hughes, Daymian Hughes turned his body sideways to protect his front torso from direct exposure to the firearm and Officer D. Taylor of the Salt Lake Police Department pulled the trigger, shooting Daymian in the upper arm, penetrating into the bone.

34.     At no time did Daymian Hughes and/or Delaney Chaves threaten the officer in any way nor did they pick up or brandish a firearm and/or weapon of any kind.

35.     At no time prior to entering the home and shooting Daymian Hughes did the officers knock or announce themselves as police officers.

36.     At no time prior to shooting Daymian Hughes, did Officer D. Taylor or Officer H. Flanders attempt to speak with Daymian Hughes and/or Delaney Chavez, and made no inquiry as to whether anyone was injured, being harmed or in need of police protection or assistance in the home.

37.     At no time did Officer D. Taylor or Officer H. Flanders inform Daymian Hughes or Delaney Chaves that they were under arrest.

38.     At no time prior to shooting Daymian Hughes had an arrest warrant been issued for the arrest of either Daymian Hughes or Delaney Chaves.

39.     At no time prior to the shooting of Daymian Hughes had a search warrant been issued for the entry or search of Daymian Hughes's home.  Daymian Hughes did nothing to warrant the unlawful and unconstitutional entry into his home nor did he do anything to warrant the unlawful and unconstitutional use of excessive and deadly force by the Defendants.  The Defendant's shooting Daymian Hughes was negligent, objectively unreasonable, reckless, and deliberately indifferent under the circumstances.  Daymian Hughes was seriously and permanently injured as a direct and proximate result of Defendants' actions.

## V.

### FIRST CLAIM FOR RELIEF:

### TITLE 42 U.S.C. § 1983 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY SALT LAKE CITY, POLICE CHIEF RICK DINSE, AND JOHN DOES I-III, IN THEIR OFFICIAL CAPACITIES.

40.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39 above.

41.     Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III are charged with the responsibility and duty to protect and serve the public by properly hiring, supervising, training, disciplining and controlling law enforcement officers under their command, including Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V. Defendants' duty includes promulgation and enforcing laws, rules and regulations regarding the entry into a private home and/or the use of excessive force and deadly force.

42.     On information and belief, Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III established tacit authorization or explicit instruction and policy, custom or informal custom and practice of allowing Salt Lake City Police Officers to unlawfully enter a private home and/or the use of excessive force and deadly force without any objectively reasonable, lawful and/or probable cause grounds.  Said policy was with deliberate indifference to the constitutional rights of citizens.

43.     On information and belief, Defendants Salt Lake City, Police Chief Rick Dines, and John Does I-III failure to properly hire, supervise, train, discipline and/or control law enforcement officers under their command, including Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V, and failure to ensure compliance with the laws, rules and

regulations regarding the entry into a private home and/or the use of excessive force and deadly

force have resulted in a policy or custom of inadequate training, supervision and/or discipline

44.     On information and belief, Defendants Salt Lake City, Police Chief Rick Dines,

and John Does I-III failure to properly hire, supervise, train, discipline and/or control law

enforcement officers under their command, including Salt Lake City Police Officers D. Taylor,

H. Flanders and John Does IV-V, and failure to ensure compliance with the laws, rules and

regulations regarding the entry into a private home and/or the use of excessive force and deadly

force amount to deliberate indifference to the rights of persons with whom the police come into

contact, including the rights of Damian Hughes.

45.     On information and belief, Defendants Salt Lake City, Police Chief Rick Dines,

and John Does I-III failure to properly hire, supervise, train, discipline and/or control law

enforcement officers under their command, including Salt Lake City Police Officers D. Taylor,

H. Flanders and John Does IV-V, and failure to ensure compliance with the laws, rules and

regulations regarding the entry into a private home and/or the use of excessive force and deadly

force was so reckless and/or grossly negligent that misconduct involving the illegal entry into a

private home and/or the use of excessive force and deadly force was inevitable and foreseeable.

46.     The actions and/or omissions of Defendants Salt Lake City, Police Chief Rick

Dines, and John Does I-III were performed under color of law which deprived Daymian Hughes

of his First, Fourth, Fifth and Fourteenth Amendment Rights and other Constitutional Rights.

The acts and/or omissions of Defendants Salt Lake City, Police Chief Rick Dines, and John Does

I-III were a moving force behind an objectively unreasonable entry into Daymian Hughes private

home and/or seizure of Daymian Hughes person resulting in his being shot and injured.

47.     The acts and/or omissions alleged above and the resultant injuries suffered by

Daymian Hughes were directly and proximately caused by the deliberately indifferent failure of

Defendants Salt Lake City, Police Chief Rick Dines, and John Does I-III to properly hire,

supervise, train, discipline and control law enforcement officers under their command and/or supervision, including Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V, and the deliberately indifferent failure to promulgate and ensure compliance with the laws, rules and regulations regarding the entry into a private home and/or the use of excessive force and deadly force.

## VI.

### SECOND CLAIM FOR RELIEF:

### TITLE 42 U.S.C. § 1983 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY POLICE CHIEF RICK DINSE AND JOHN DOES I-III, INDIVIDUALLY.

48.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 47 above.

49.     Any and all actions and/or omissions of Defendants Police Chief Rick Dinse and John Does I-III alleged herein constitute actions and/or omissions under the color and pretense of the laws, statutes, ordinances, regulations, customs and/or usage fo the State of Utah and the Salt Lake City.

50.     Defendants Police Chief Rick Dinse and John Does I-III at all times relevant hereto were charged with the responsibility and duty to protect and serve the public by properly hiring, supervising, training, disciplining and/or controlling law enforcement officers under their command, including Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V, and by promulgating and enforcing rules and regulations regarding the entry into a private home and/or the use of excessive force and deadly force so that the law is not violated.

51.     Defendants Police Chief Rick Dinse and John Does I-III failed to properly hire, supervise, train, discipline and/or control law enforcement officers under their command and/or supervision, including Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-

V, such that the laws, rules and regulations regarding the entry into a private home and/or the use of excessive force and deadly force were violated by said officers.

52.     Defendants Police Chief Rick Dinse and John Does I-III knew or should have known that Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Daymian Hughes and others similarly situated.

53.     Defendants Police Chief Rick Dinse and John Does I-III failure to properly supervise, train, discipline and/or control Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V in light of their knowledge, and their failure to promulgate and/or ensure compliance with the laws, rules and regulations regarding the entry into a private home and/or use of excessive force and deadly force amount to knowing acquiescence, reckless disregard and/or deliberate indifference to the constitutional rights of citizens, including Daymian Hughes. The need for training was so obvious that said Defendants can reasonably be said to have been deliberately indifferent to the need.

54.     Defendants Police Chief Rick Dinse and John Does I-III failure to properly supervise, train, discipline and/or control Salt Lake City Police Officers D. Taylor, H. Flanders and John Does IV-V is the direct and proximate cause of and is affirmatively linked to the constitutional injury suffered by Daymian Hughes.

## VII.

### THIRD CLAIM FOR RELIEF:

### TITLE 42 U.S.C. § 1983 VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS BY SALT LAKE CITY POLICE OFFICERS D. TAYLOR, H. FLANDERS AND JOHN DOES IV-V.

55.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 54 above.

56.     All of the acts and omissions of Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V alleged herein were acts an omissions which occurred within the course and scope of their employment with Salt Lake City and the Salt Lake City Police Department and under the color and pretense of the laws, statutes, ordinances, regulations, customs and usage of the State of Utah and Salt Lake City.

57.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V owed duties as agents and/or employees of the Salt Lake City Police Department and/or Salt Lake City, Utah, to protect and serve the public, including Daymian Hughes and those similarly situated.

58.     Under the circumstances as they existed on October 22, 2005, the Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V had a duty not to enter into a private home of Daymian Hughes without probable cause and/or not to use excessive force and deadly force during their encounter with Daymian Hughes.

59.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V, acting within the course and scope of their employment and under the color of state law, instituted and followed policies, procedures and/or customs and acted in a manner which directly resulted in the objectively unreasonable entry into the private home of Daymian Hughes, and the objectively unreasonable seizure and use of excessive and deadly force against Daymian Hughes, resulting in Daymian Hughes's injuries.

60.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V had an affirmative duty to intercede on the behalf of a citizen, Daymian Hughes, whose constitutional rights are being violated in his presence by other officers.

61.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V failed to intervene and prevent the unconstitutional deprivation of Daymian Hughes's constitutional rights and to prevent the injury of Daymian Hughes.

62.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders
and John Does IV-V, acting within the course and scope of their employment and under the color
of state law, acted jointly and with mutual understanding in entering into the private home of
Daymian Hughes and/or in restraining and/or injuring Daymian Hughes, Defendants Salt Lake
Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V conspired to
commit unlawful acts by inflicting injury upon Daymian Hughes.

63.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders
and John Does IV-V, acting within the course and scope of their employment and under the color
of state law, acted with objective unreasonableness and deliberate and unreasonable conduct in
effectuating the entry into the private home of Daymian Hughes and/or the arrest of Daymian
Hughes, creating a serious known risk of physical trauma resulting in his injuries in violation of
clearly established law of which a reasonable police officer should have known.

64.     In the above stated actions, Defendants Salt Lake Police Department Police
Officers D. Taylor, H. Flanders and John Does IV-V caused Daymian Hughes to be deprived of
his rights, privileges and immunities secured under the Fourth and Fourteenth Amendments to
the United States Constitution.

65.     As a direct and proximate result of the acts and omissions described herein,
Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does
IV-V are liable in damages to Plaintiff for deprivation of his civil rights under 42 U.S.C. § 1983.

66.     Accordingly, Plaintiff prays for relief against Defendants Salt Lake Police
Department Police Officers D. Taylor, H. Flanders and John Does IV-V as set forth herein and
below.

## VIII.

## FOURTH CLAIM FOR RELIEF:

## NEGLIGENCE OF DEFENDANTS SALT LAKE CITY, POLICE CHIEF RICK DINSE, AND JOHN DOES I-III.

67.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 66 above.

68.    Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III owed a duty of reasonable care to Plaintiff including, but not limited to, the duty to properly hire, train, supervise, control and/or discipline law enforcement officers under their command.

69.    Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III owed a continuing duty to monitor and evaluate the performance of law enforcement officers under their control and to take all action necessary to ensure that members of the public, including Plaintiff, are not harmed by the unlawful and/or negligent acts and omissions of law enforcement officers under their control.

70.    Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III knew or should have known through actual or constructive knowledge that Salt Lake City Police Officers D. Taylor, H. Flanders and John Does VI-V posed a danger to the health and safety of members of the public, including Daymian Hughes, and those individuals similarly situated.

71.    At all times material herein the injuries and the resulting damages to Daymian Hughes were the direct and proximate result of the negligent acts and omissions of the Defendants as more particularly set forth below in this pleading entitled "Damages."  Such negligent acts and omissions include, but are not limited to, the following:

    a.    Negligent hiring of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V;

b.   Negligent training of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V;

c.   Negligent supervision of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V;

d.   Negligent discipline of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V;

e.   Negligent retention of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V;

f.   Negligent failure to institute policies, procedures, and customs in the entry into a private residence, use of restraints, use of force and deadly force which would have prevented Daymian Hughes's injuries; and

g.   Negligent failure to eliminate improper policies, procedures, and customs which result in the improper entry into a private residence, use of restraints, use of force and deadly force which, if eliminated, would have prevented Daymian Hughes's injuries.

72.   In addition to the independent allegations of negligence described above, Defendants Salt Lake City, Police Chief Rick Dinse and John Does I-III are vicariously liable for the negligent acts and omission of Salt Lake City Police Officers  D. Taylor, H. Flanders and John Does VI-V committed within the course and scope of their employment with Salt Lake City, and with the Salt Lake City Police Department.

73.   As a direct and proximate cause and result of the acts and omissions as alleged herein, Daymian Hughes was injured and suffered the damages more particularly set forth below in the section of this pleading entitled "Damages."

# IX.

## FIFTH CLAIM FOR RELIEF:

## NEGLIGENCE OF SALT LAKE CITY POLICE OFFICERS D. TAYLOR, H. FLANDERS AND JOHN DOES IV-V.

74.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 73 above.

75.     The acts and omissions of Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V alleged herein were committed within the course and scope of their employment with Salt Lake City, and with the Salt Lake City Police Department.

76.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V owed a duty of reasonable care to the Plaintiff which was breached including, but not limited to, a duty to protect and serve Daymian Hughes, and others similarly situated.

77.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V breached their duty of reasonable care to Daymian Hughes.

78.     At all material times herein the injuries and resulting damages to the Plaintiff were the direct and proximate result of the negligent acts and omissions of the Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V as more particularly set forth below in the section of this pleading entitled "Damages."  Such negligent acts and omissions include, but are not limited to, the following:

    a.     Negligent entry into the private home of Daymian Hughes, including but not limited to trespass and/or burglary;

    b.     Negligent use of a firearm, including but not limited to the wrongful Discharge of a Firearm;

c.     Negligent use of unreasonable force, including but not limited to excessive and deadly force;

d.     Negligent contact with the person of Daymian Hughes, including but not limited to assault and/or battery;

f.     Negligent seizure and/or restraint of Daymian Hughes;

h.     Negligent performance of duties as a law enforcement officer;

i.     Negligent infliction of emotional distress and/or harm; and

j.     Negligent failure to administer prompt and/or proper medical care for Daymian Hughes after Daymian Hughes has been shot.

79.     As a direct and proximate cause and result of the acts and omissions alleged herein, Plaintiff was injured and suffered damages as mor particularly set for th below in the section of this pleading entitled "Damages."

## X.

### SIXTH CLAIM FOR RELIEF:
### INTENTIONAL, WILLFUL AND WANTON UNLAWFUL ACTS OF
### SALT LAKE CITY POLICE OFFICERS D. TAYLOR, H. FLANDERS
### AND JOHN DOES IV-V.

80.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 79 above.

81.     The acts and omissions of Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V alleged herein were committed within the course and scope of their employment with Salt Lake City, and with the Salt Lake City Police Department.

82.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V owed a duty of reasonable care to the Plaintiff which was breached

including, but not limited to, a duty to protect and serve Daymian Hughes, and others similarly situated.

83.     Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V breached their duty of reasonable care to Daymian Hughes.

84.     At all material times herein the injuries and resulting damages to the Plaintiff were the direct and proximate result of the intentional, willful, wanton and reckless acts and omissions of the Defendants Salt Lake Police Department Police Officers D. Taylor, H. Flanders and John Does IV-V as more particularly set forth below in the section of this pleading entitled "Damages." Such intentional, willful, wanton and reckless acts and omissions include, but are not limited to, the following:

a.     Intentional, willful, wanton and reckless entry into the private home of Daymian Hughes, including but not limited to trespass and/or burglary;

b.     Intentional, willful, wanton and reckless use of a firearm, including but not limited to the wrongful Discharge of a Firearm;

c.     Intentional, willful, wanton and reckless use of unreasonable force, including but not limited to excessive and deadly force;

d.     Intentional, willful, wanton and reckless contact with the person of Daymian Hughes, including but not limited to assault and/or battery;

f.     Intentional, willful, wanton and reckless seizure and/or restraint of Daymian Hughes;

h.     Intentional, willful, wanton and reckless unlawful performance of duties as a law enforcement officer;

i.     Intentional, willful, wanton and reckless infliction of emotional distress and/or harm; and

j.     Intentional, willful, wanton and reckless failure to administer prompt and/or

proper medical care for Daymian Hughes after Daymian Hughes has been shot.

85.    As a direct and proximate cause and result of the acts and omissions alleged

herein, Daymian Hughes was injured and suffered damages as more particularly set forth below

in the section of this pleading entitled "Damages."

## XI.

## PUNITIVE DAMAGES

86.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1

through 85 above.

87.    In addition to compensatory damages, Daymian Hughes claims punitive damages

against the Defendants in an amount to be proved at trial for civil rights violations and the

intentional, willful, wanton and/or reckless acts and omissions of the Defendants as alleged

herein.  The acts and omissions of the Defendants in this case were so gross and culpable in

nature that they constitute reckless indifference and (callous) wanton disregard for the law and

the lives and safety of others, including Daymian Hughes.  The Defendants committed the acts

and omissions alleged herein and subjected Daymian Hughes to improper treatment which

resulted in his being shot and injuries.  The Defendants' actions should not be permitted in law or

in fact; moreover, these actions should be punished and an example made so they are not

repeated.

88.    The recovery of punitive damages is permitted under the federal civil rights act

for reckless and/or callous indifference to the federally-protected rights of others and is therefore

appropriate in this case.  This instance of reckless and/or callous indifference to the

constitutional rights and safety of Daymian Hughes should be punished through the imposition

of punitive damages so as to make an example of the conduct that will not be tolerated in our

society.

## XII.

### ATTORNEYS FEES

89.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 88 above.

90.     As a result of the Defendants' actions as alleged herein, the Plaintiff has been required to retain the services of various attorneys and is entitled to a reasonable amount for attorneys' fees pursuant to 42 U.S.C. § 1988 for those violations covered by the Act.

## XIII.

### DAMAGES

91.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 90 above.

92.     The acts and omissions of the Defendants, as set forth above, resulted in the injuries to Daymian Hughes, such that Daymian Hughes is entitled to the following damages:

a.     Loss of income, loss of future earnings, and loss of earning capacity;

b.     Pecuniary loss;

c.     For pain, suffering, mental anguish, and loss of enjoyment of life;

d.     Loss and limitation of use of a limb;

e.     Medical expenses;

f.     Loss of use of personal property;

g.     Costs of this action and such other damages as are fair and just;

h.     For punitive damages in a reasonable amount sufficient to adequately punish all Defendants and to deter further conduct of the type alleged in this pleading; and

i.     For costs of this action, attorney fees, and for other further relief as the Court deems equitable and proper.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows,

1.      Daymian Hughes prays for damages in an amount which will fairly and justly compensate for the pain, suffering, mental anguish, loss and limitation of use of a limb, loss of enjoyment of life, lost wages and earning capacity;

2.      For punitive damages in a reasonable amount sufficient to adequately punish the Defendants and deter future conduct of the type alleged in this pleading;

3.           For reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and as allowed by law; and

4.      For costs of this action and for other and further relief as the Court deems equitable and proper.

## JURY DEMAND

Demand is made for a Jury Trial.

DATED this 2nd day of April, 2007.

_____
Kent W. Spence, *Pro Hac Vice (Pending)*
THE SPENCE LAWYERS

_____
Edwin S. Wall, Utah Bar No. 7446
WALL LAW OFFICES