J. WESLEY ROBINSON, #6321
Attorney for Defendants
  Salt Lake City Corporation, Rick Dinse,
  and H. Flanders
Room 505, City and County Building
451 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 535-7788

---

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| DAYMIAN HUGHES, an individual, | |
| Plaintiff, | **ANSWER OF DEFENDANTS SALT LAKE CITY CORPORATION, RICK DINSE AND H. FLANDERS** |
| v. | |
| SALT LAKE CITY, UTAH; RICK DINSE, Chief of Police in individual and official capacity; Salt Lake City Police Officers D. TAYLOR, individually and in his official capacity; H. FLANDERS, individually and in her officieal capacity; and, JOHN DOES I-V, individually and in their official capacity, | Civil No. 2:07CV00209 TS<br><br>JUDGE TED STEWART |
| Defendants. | |

---

Defendants Salt Lake City Corporation ("the City"), Rick Dinse and H. Flanders (referred to collectively herein as "defendants") answer the allegations of plaintiff's Complaint as follows:

### **FIRST DEFENSE**

Plaintiff Daymian Hughes ("Hughes") fails to state a claim upon which relief can be granted.

1

**SECOND DEFENSE**

As to each numbered paragraph in Hughes' Complaint, the defendants answer as follows:

1. Defendants deny the allegations contained in the "Introduction" section of Hughes' Complaint. Defendants admit this action is brought by Hughes pursuant to the provisions cited in paragraph 1 of Hughes' Complaint, but deny there is any merit to his claims.

2. Admit the allegations of paragraph 2, but categorically and expressly deny the deprivation of any laws, rights, privileges or immunities as alleged in paragraph 2.

3. Admit that a document entitled "Notice of Claim" was received by the Salt Lake City Recorder on October 23, 2006. Defendants deny the remainder of the allegations in paragraph 3 of Hughes' Complaint as statements of legal conclusion. Alternatively, defendants are without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 3 of Hughes' Complaint, and therefore deny the same.

4. Admit the allegations of paragraph 4.

5. Defendants are without knowledge or information sufficient to admit or deny the incomplete allegation of paragraph 5 of Hughes' Complaint, and therefore deny the same.

6. Defendants are without information or knowledge sufficient to admit or deny the allegations in paragraph 6 of Hughes' Complaint, and therefore deny the same.

7. Admit the allegations in paragraph 7 with the exception of the allegations regarding Does I-V.

8. Admit the allegations in paragraph 8.

9. Admit that Rick Dinse was the Chief of Police for the Salt Lake City Police Department ("SLCPD"); that he was the commanding officer over all SLCPD officers; that he was responsible for making and adopting rules and regulations for the operation and administration of the SLCPD; was an employee of the City; and is being sued by Hughes in his individual and official capacities.  Defendants deny the remaining allegations of paragraph 9 of Hughes' Complaint.

10. Admit the allegations in paragraph 10.

11. Admit the allegations in paragraph 11.

12. Admit the allegations in paragraph 12.

13. Admit the allegations in paragraph 13.

14. Defendants are without information or knowledge sufficient to admit or deny the allegations in paragraph 14 of Hughes' Complaint, and therefore deny the same.

15. Hughes' re-allegations in paragraph 15 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-14.

16. Admit the allegations in paragraph 16 of Hughes' Complaint.

17. Admit that Hughes and Delaney Chavez were present in Hughes' home, located at 1544 E. Laird Ave, Salt Lake City, Utah, on October 22, 2005.  Defendants deny the remainder of the allegations in paragraph 17 of Hughes' Complaint for lack of knowledge or information.

18. Admit the allegations in paragraph 18 of Hughes' Complaint.

19. Admit the allegations in paragraph 19 of Hughes' Complaint.

20. Admit the allegations in paragraph 20 of Hughes' Complaint, except to clarify that the exact address of the alleged domestic disturbance was not known, but the location was described by the caller as set forth in paragraph 20.

21. Admit the allegations in paragraph 21 of Hughes' Complaint.

22. Admit that neither officer made contact with the caller prior to proceeding to Hughes' house, admit Officer Flanders' description of the house, deny remainder of paragraph 22.

23. Admit Officers Flanders and Taylor entered Hughes' home, deny remainder of paragraph 23.

24. Deny the allegations in paragraph 24.

25. Admit the Officers walked through a room to the kitchen, admit that Officer Taylor drew his service revolver at some point after entering the residence. The officers' positioning is unclear at this time, and is therefore denied for lack of knowledge. Defendants deny the remaining allegations of paragraph 25.

26. Admit the bedroom had two doors, deny that the bedroom doors were fully opened. Defendants are without information or knowledge sufficient to admit or deny the remaining allegations in paragraph 26 of Hughes' Complaint, and therefore deny the same.

27. Admit that Hughes and Chavez were in the bedroom when the officers entered the home, deny they were on the bed for lack of knowledge, deny the remaining allegations of paragraph 27.

28. Defendants are without information or knowledge sufficient to admit or deny the allegations in paragraph 28 of Hughes' Complaint, and therefore deny the same.

29. Admit Hughes exited the bedroom yelling and rushing at the officers, deny the remaining allegations in paragraph 29.

30. Deny the allegations in paragraph 30 of Hughes' Complaint.

31. Deny the allegations in paragraph 31 of Hughes' Complaint.

32. Admit Hughes was not armed, deny the remaining allegations in paragraph 32 of Hughes' Complaint.

33. Admit Officer Taylor shot Hughes in the arm, deny the remaining allegations in paragraph 33 of Hughes' Complaint.

34. Admit that Chavez did not threaten the officers, admit that Hughes and Chavez did not pick up or brandish a firearm and/or weapon of any kind, deny the remaining allegations in paragraph 34 of Hughes' Complaint.

35. Admit that the officers did not announce themselves as police officers prior to entering the house, deny the remaining allegations in paragraph 35 of Hughes' Complaint.

36. Deny the allegations in paragraph 36.

37. Admit the allegations in paragraph 37.

38. Defendants are without information or knowledge sufficient to admit or deny the allegations in paragraph 38 of Hughes' Complaint, and therefore deny the same.

39. Defendants are without information or knowledge sufficient to admit or deny the first and last sentences in paragraph 39 of Hughes' Complaint, and therefore deny the same. Defendants deny the remaining allegations of paragraph 39.

40. Hughes' re-allegations in paragraph 40 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-39.

41. Deny the allegations in paragraph 41 as statements of legal conclusion.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43.

44. Deny the allegations in paragraph 44.

45. Deny the allegations in paragraph 45.

46. Admit all relevant actions taken by Dinse were performed under color of law, but expressly deny any wrongful acts or omissions. Deny the remaining allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Hughes' re-allegations in paragraph 48 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-47.

49. Admit all relevant actions taken by Dinse were performed under color of law, but expressly deny any wrongful acts or omissions. Deny the remaining allegations in paragraph 49.

50. Deny the allegations in paragraph 50 as statements of legal conclusion.

51. Deny the allegations in paragraph 51.

52. Deny the allegations in paragraph 52.

53. Deny the allegations in paragraph 53.

54. Deny the allegations in paragraph 54.

55. Hughes' re-allegations in paragraph 55 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-54.

56. Admit all relevant actions taken by Officers Taylor and Flanders occurred within the course and scope of their employment with the City and under the color of

law, but expressly deny any wrongful acts or omissions. Deny the remaining allegations in paragraph 56.

57. Deny the allegations in paragraph 57 as statements of legal conclusion.

58. Deny the allegations in paragraph 58 as statements of legal conclusion.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60.

61. Deny the allegations in paragraph 61.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63.

64. Deny the allegations in paragraph 64.

65. Deny the allegations in paragraph 65.

66. Defendants deny Hughes is entitled to any relief in this matter.

67. Hughes' re-allegations in paragraph 67 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-66.

68. Deny the allegations in paragraph 68 as statements of legal conclusion.

69. Deny the allegations in paragraph 69 as statements of legal conclusion.

70. Deny the allegations in paragraph 70.

71. Deny the allegations in paragraph 71, including all subparts thereof.

72. Deny the allegations in paragraph 72.

73. Deny the allegations in paragraph 73.

74. Hughes' re-allegations in paragraph 74 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-73.

75. Regarding Taylor and Flanders, admit the allegations in paragraph 75, but expressly deny any wrongful acts or omissions. Deny the remaining allegations in paragraph 75.

76. Deny the allegations in paragraph 76.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78, including all subparts thereof.

79. Deny the allegations in paragraph 79.

80. Hughes' re-allegations in paragraph 80 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-79.

81. Regarding Flanders and Taylor, admit the allegations in paragraph 81, but expressly deny any wrongful acts or omissions. Deny the remaining allegations in paragraph 81.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84, including all subparts thereof.

85. Deny the allegations in paragraph 85.

86. Hughes' re-allegations in paragraph 86 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-85.

87. Deny the allegations in paragraph 87.

88. Deny the allegations in paragraph 88.

89. Hughes' re-allegations in paragraph 89 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-88.

90. Deny the allegations in paragraph 90.

91.  Hughes' re-allegations in paragraph 91 of his Complaint in no way alter or affect the defendants' answers to paragraphs 1-90.

92.   Deny the allegations in paragraph 92, including all subparts thereof.

93.  Defendants deny any and all allegations not specifically admitted herein.

WHEREFORE, defendants deny that Hughes is entitled to any of the relief he seeks in his Complaint.

### FIRST AFFIRMATIVE DEFENSE

To the extent that any of Hughes' claims are based on Utah law, those claims or causes of action may be barred and/or limited in whole or in part by the provisions of the Governmental Immunity Act of Utah, § 63-30d-101, *et seq.*

### SECOND AFFIRMATIVE DEFENSE

No violation of Hughes' constitutional rights occurred as a result of the allegations complained of.

### THIRD AFFIRMATIVE DEFENSE

Hughes' injuries and/or damages, if any, were caused solely as a result of his own negligence and/or illegal conduct.  Alternatively, Hughes' injuries and/or damages, if any, were caused solely as a result of the negligence and/or illegal conduct of himself and/or other third parties, and the defendants can only be held liable for their own proportion of fault, if any.

### FOURTH AFFIRMATIVE DEFENSE

No act, omission, or other conduct of the defendants was the proximate cause of Hughes' injuries or damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

Hughes is not entitled to punitive damages against the City or its employees in their official capacities.

**SIXTH AFFIRMATIVE DEFENSE**

The City has no policy, practice or custom condoning or enabling the violation of any person's civil rights, and therefore cannot be held liable for the actions of its employees by virtue of a *respondeat superior* cause of action.

**SEVENTH AFFIRMATIVE DEFENSE**

No policy, practice or custom of the City resulted in the violation of any rights of any kind to which Hughes is entitled. Furthermore, Hughes' damages, if any, were not caused by any policy, custom or practice of the City.

**EIGHTH AFFIRMATIVE DEFENSE**

Dinse and Flanders allege that all of their actions were taken in good faith and without malice. At all times, their actions were in accordance with statutory and constitutional mandates as reasonably understood by them at the time of the alleged actions/omissions, and they are therefore entitled to qualified immunity.

**NINTH AFFIRMATIVE DEFENSE**

To the extent Hughes has failed to mitigate his damages (if any), Hughes may not recover for such failure.

**TENTH AFFIRMATIVE DEFENSE**

Defendants assert that there may be other defenses which are unknown at this time but which may arise as discovery proceeds in this litigation, and therefore defendants reserve the right to assert such defenses in the future.

WHEREFORE, defendants pray that Hughes' Complaint be dismissed, that he take nothing thereby, that the defendants recover their costs incurred in defending this action and for such other and further relief as this Court shall deem proper.

DATED this _____ day of June, 2007.

/s/_____
J. WESLEY ROBINSON
Senior City Attorney
Attorney for Defendants Salt Lake City
Corp., Rick Dinse, D. Taylor and H.
Flanders

CERTIFICATE OF DELIVERY

I hereby certify that I mailed a conforming copy of the foregoing ANSWER OF DEFENDANTS SALT LAKE CITY CORPORATION, RICK DINSE AND H. FLANDERS postage prepaid, this _____ day of June, 2007, to the following:

Kent W. Spence
The Spence Lawyers
P.O. Box 548
Jackson, WY  83001

Edwin S. Wall
Edwin S. Wall, P.C.
341 South Main St., Suite 406
Salt Lake City, Utah  84111

/s/_____
J. WESLEY ROBINSON
Senior City Attorney
Attorney for Defendants Salt Lake City
Corp., Rick Dinse, D. Taylor and H.
Flanders