J. WESLEY ROBINSON, #6321
Attorney for Defendants
  Salt Lake City Corporation, Rick Dinse,
  and H. Flanders
Room 505, City and County Building
451 South State Street
Salt Lake City, Utah 84111
Telephone: (801) 535-7788

---

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| DAYMIAN HUGHES, an individual, | **ANSWER OF DEFENDANT DAVID TAYLOR** |
| Plaintiff, | |
| v. | |
| SALT LAKE CITY, UTAH; RICK DINSE, Chief of Police in individual and official capacity; Salt Lake City Police Officers D. TAYLOR, individually and in his official capacity; H. FLANDERS, individually and in her officieal capacity; and, JOHN DOES I-V, individually and in their official capacity, | Civil No. 2:07CV00209 TS<br><br>JUDGE TED STEWART |
| Defendants. | |

Defendant David Taylor answers the allegations of plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff Daymian Hughes ("Hughes") fails to state a claim upon which relief can be granted.

1

## SECOND DEFENSE

As to each numbered paragraph in Hughes' Complaint, the defendants answer as follows:

1. Taylor denies the allegations contained in the "Introduction" section of Hughes' Complaint. Taylor admits this action is brought by Hughes pursuant to the provisions cited in paragraph 1 of Hughes' Complaint, but denies there is any merit to his claims.

2. Admits the allegations of paragraph 2, but categorically and expressly denies the deprivation of any laws, rights, privileges or immunities as alleged in paragraph 2.

3. Taylor lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3 of Hughes' Complaint, and therefore denies the same.

4. Admits the allegations of paragraph 4.

5. Taylor lacks knowledge or information sufficient to admit or deny the incomplete allegation of paragraph 5 of Hughes' Complaint, and therefore denies the same.

6. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 6 of Hughes' Complaint, and therefore denies the same.

7. Admits the allegations in paragraph 7 with the exception of the allegations regarding Does I-V.

8. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 8 of Hughes' Complaint, and therefore denies the same.

9. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 9 of Hughes' Complaint, and therefore denies the same.

10. Admits the allegations in paragraph 10 were true at the time of the incident complained of, denies that they are true today.

11. Admits the allegations in paragraph 11 were true at the time of the incident complained of, denies that they are true today.

12. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 12 of Hughes' Complaint, and therefore denies the same.

13. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 13 of Hughes' Complaint, and therefore denies the same.

14. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 14 of Hughes' Complaint, and therefore denies the same.

15. Hughes' re-allegations in paragraph 15 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-14.

16. Admits the allegations in paragraph 16 of Hughes' Complaint.

17. Admits that Hughes and Delaney Chavez were present in Hughes' home, located at 1544 E. Laird Ave, Salt Lake City, Utah, on October 22, 2005. Taylor denies the remainder of the allegations in paragraph 17 of Hughes' Complaint for lack of knowledge or information.

18. Admits the allegations in paragraph 18 of Hughes' Complaint.

19. Admits the allegations in paragraph 19 of Hughes' Complaint.

20. Admits the allegations in paragraph 20 of Hughes' Complaint, except to clarify that the exact address of the alleged domestic disturbance was not known, but the location was described by the caller as set forth in paragraph 20.

21. Admits the allegations in paragraph 21 of Hughes' Complaint.

22. Admits that neither officer made contact with the caller prior to proceeding to Hughes' house, admits Officer Flanders' description of the house, denies remainder of paragraph 22.

23. Admits he and Officer Flanders entered Hughes' home, denies remainder of paragraph 23.

24. Denies the allegations in paragraph 24.

25. Admits the officers walked through a room to the kitchen, admits that he drew his service revolver at some point after entering the residence. The officers' positioning is unclear at this time, and is therefore denied for lack of knowledge. Taylor denies the remaining allegations of paragraph 25.

26. Admits the bedroom had two doors, denies that the bedroom doors were fully opened. Taylor lacks information or knowledge sufficient to admit or deny the remaining allegations in paragraph 26 of Hughes' Complaint, and therefore denies the same.

27. Admits that Hughes and Chavez were in the bedroom when the officers entered the home, denies they were on the bed for lack of knowledge, denies the remaining allegations of paragraph 27.

28. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 28 of Hughes' Complaint, and therefore denies the same.

29. Admits Hughes exited the bedroom yelling and rushing at the officers, denies the remaining allegations in paragraph 29.

30. Denies the allegations in paragraph 30 of Hughes' Complaint.

31. Denies the allegations in paragraph 31 of Hughes' Complaint.

32. Admits Hughes was not armed, denies the remaining allegations in paragraph 32 of Hughes' Complaint.

33. Admits he shot Hughes in the arm, denies the remaining allegations in paragraph 33 of Hughes' Complaint.

34. Admits that Chavez did not threaten the officers, admits that Hughes and Chavez did not pick up or brandish a firearm and/or weapon of any kind, denies the remaining allegations in paragraph 34 of Hughes' Complaint.

35. Admits that the officers did not announce themselves as police officers prior to entering the house, denies the remaining allegations in paragraph 35 of Hughes' Complaint.

36. Denies the allegations in paragraph 36.

37. Admits the allegations in paragraph 37.

38. Taylor lacks information or knowledge sufficient to admit or deny the allegations in paragraph 38 of Hughes' Complaint, and therefore denies the same.

39. Taylor lacks information or knowledge sufficient to admit or deny the first and last sentences in paragraph 39 of Hughes' Complaint, and therefore denies the same. Taylor denies the remaining allegations of paragraph 39.

40. Hughes' re-allegations in paragraph 40 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-39.

41. Denies the allegations in paragraph 41 as statements of legal conclusion.

42. Denies the allegations in paragraph 42.

43. Denies the allegations in paragraph 43.

44. Denies the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Hughes' re-allegations in paragraph 48 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-47.

49. Denies the allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Hughes' re-allegations in paragraph 55 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-54.

56. Admits all relevant actions taken by himself and Officer Flanders occurred within the course and scope of their employment with the City and under the color of law, but expressly denies any wrongful acts or omissions. Denies the remaining allegations in paragraph 56.

57. Denies the allegations in paragraph 57 as statements of legal conclusion.

58. Denies the allegations in paragraph 58 as statements of legal conclusion.

59. Denies the allegations in paragraph 59.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65.

66. Taylor denies Hughes is entitled to any relief in this matter.

67. Hughes' re-allegations in paragraph 67 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-66.

68. Denies the allegations in paragraph 68 as statements of legal conclusion.

69. Denies the allegations in paragraph 69 as statements of legal conclusion.

70. Denies the allegations in paragraph 70.

71. Denies the allegations in paragraph 71, including all subparts thereof.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73.

74. Hughes' re-allegations in paragraph 74 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-73.

75. Admits he acted in the course and scope of his employment, but expressly denies any wrongful acts or omissions. Denies the remaining allegations in paragraph 75.

76. Denies the allegations in paragraph 76.

77. Denies the allegations in paragraph 77.

78. Denies the allegations in paragraph 78, including all subparts thereof.

79. Denies the allegations in paragraph 79.

80. Hughes' re-allegations in paragraph 80 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-79.

81. Admits he acted in the course and scope of his employment, but expressly denies any wrongful acts or omissions. Denies the remaining allegations in paragraph 81.

82. Denies the allegations in paragraph 82.

83. Denies the allegations in paragraph 83.

84. Denies the allegations in paragraph 84, including all subparts thereof.

85. Denies the allegations in paragraph 85.

86. Hughes' re-allegations in paragraph 86 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-85.

87. Denies the allegations in paragraph 87.

88. Denies the allegations in paragraph 88.

89. Hughes' re-allegations in paragraph 89 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-88.

90. Denies the allegations in paragraph 90.

91. Hughes' re-allegations in paragraph 91 of his Complaint in no way alter or affect Taylor's answers to paragraphs 1-90.

92. Denies the allegations in paragraph 92, including all subparts thereof.

93. Taylor denies any and all allegations not specifically admitted herein.

WHEREFORE, Taylor denies that Hughes is entitled to any of the relief he seeks in his Complaint.

### **FIRST AFFIRMATIVE DEFENSE**

To the extent that any of Hughes' claims are based on Utah law, those claims or causes of action may be barred and/or limited in whole or in part by the provisions of the Governmental Immunity Act of Utah, § 63-30d-101, *et seq.*

## SECOND AFFIRMATIVE DEFENSE

No violation of Hughes' constitutional rights occurred as a result of the allegations complained of.

## THIRD AFFIRMATIVE DEFENSE

Hughes' injuries and/or damages, if any, were caused solely as a result of his own negligence and/or illegal conduct. Alternatively, Hughes' injuries and/or damages, if any, were caused solely as a result of the negligence and/or illegal conduct of himself and/or other third parties, and Taylor can only be held liable for his own proportion of fault, if any.

## FOURTH AFFIRMATIVE DEFENSE

No act, omission, or other conduct of Taylor was the proximate cause of Hughes' injuries or damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Taylor alleges that all of his actions were taken in good faith and without malice. At all times, his actions were in accordance with statutory and constitutional mandates as reasonably understood by him at the time of the alleged actions/omissions, and he is therefore entitled to qualified immunity.

## SIXTH AFFIRMATIVE DEFENSE

To the extent Hughes has failed to mitigate his damages (if any), Hughes may not recover for such failure.

## SEVENTH AFFIRMATIVE DEFENSE

Taylor asserts that there may be other defenses which are unknown at this time but which may arise as discovery proceeds in this litigation, and therefore Taylor reserves the right to assert such defenses in the future.

WHEREFORE, Taylor prays that Hughes' Complaint be dismissed, that he take nothing thereby, that Taylor recover his costs incurred in defending this action and for such other and further relief as this Court shall deem proper.

DATED this _____ day of September, 2008.

/s/_____
J. WESLEY ROBINSON
Senior City Attorney
Attorney for defendant David Taylor