J. WESLEY ROBINSON, #6321
Attorney for Defendants
Room 505, City and County Building
451 South State Street,
P.O. Box 145478
Salt Lake City, Utah 84114-5478
Telephone: (801) 535-7788

---

IN THE UNITED STATES DISTRICT COURT,
DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| DAYMIAN HUGHES, an individual, | |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT** |
| v. | |
| SALT LAKE CITY, UTAH; RICK DINSE, Chief of Police in individual and official capacity; Salt Lake City Police Officers D. TAYLOR, individually and in his official capacity; H. FLANDERS, individually and in her official capacity; and, JOHN DOES I-V, individually and in their official capacity, | Civil No. 2:07CV00209 TS  JUDGE TED STEWART |
| Defendants. | |

---

Pursuant to Rule 55(c), Fed. R. Civ. P., defendant David Taylor ("Taylor") files this memorandum in support of his motion to set aside the Order of Entry of Default ("Default Certificate," Doc. 20), entered by the Clerk of the Court on September 23, 2008.

# FACTS

1. In this action, plaintiff Daymian Hughes ("Hughes") has named, and served process on, defendants Salt Lake City, Rick Dinse and Heather Flanders. All three defendants have timely Answered Hughes' Complaint. *Doc. 1 and 4.*

2. These three defendants have, at all times, been represented by J. Wesley Robinson. *Affidavit of J. Wesley Robinson, ¶ 3, attached hereto as Exhibit A.*

3. To date, the City and Flanders have responded to Hughes' extensive discovery requests and produced over 1000 pages of documents. *Id. at ¶ 4.*

4. To date, Mr. Robinson has corresponded with Hughes' counsel (Ed Wall, Grant Lawson and Kent Spence) numerous times by telephone, email and written correspondence. *Id. at ¶ 5.*

5. All three attorneys know how to reach Mr. Robinson, if they so desire. *Id. at ¶ 6.*

6. In July of 2008, after long and extensive efforts on the City's part to locate defendant David Taylor, Mr. Robinson informed Mr. Lawson and Mr. Spence that the City had found Mr. Taylor, and that Mr. Robinson was authorized by Mr. Taylor to waive service of process pursuant to Rule 4(d), Fed. R. Civ. P. *Id. at ¶ 7.*

7. On July 23, 2008, Mr. Spence mailed a copy of the Complaint in this matter, two Waivers of Service of Summons for David Taylor, and a cover letter to Mr. Robinson requesting that he execute and return the Waiver form (documents hereinafter referred to collectively as the "Request"). *Attached hereto as Exhibit B; Robinson Aff. at ¶ 8.*

8. Although the Waiver form stated that the Request was sent on July 22, 2008, the request was actually mailed on July 23, 2008. The envelope these documents were mailed in was postmarked July 23, 2008. *Exhibit A; Robinson Aff. at ¶ 9*.

9. Mr. Robinson signed the Waiver of Service form on August 6, 2008 and mailed it to Mr. Spence. *Exhibit A; Robinson Aff. at ¶ 10*.

10. Based on the postmark date and in reliance on the provisions of Rules 4, 5 and 6, Fed. R. Civ. P., Mr. Robinson calendared the due date to file an Answer on Taylor's behalf for September 25, 2008. *Id. at ¶ 11*.

11. Hughes filed a Motion for Default Order on September 23, 2008, claiming that the due date for Taylor's Answer was September 22, 2008. *Doc. 17*.

12. Taylor timely filed his Answer in this matter on September 23, 2008, asserting factual, legal and affirmative defenses. *Answer of Defendant David Taylor, Doc. 19*.

13. Mr. Robinson filed Taylor's Answer two days prior to the due date, believing it was timely filed, but wanting to err on the side of caution in light of Hughes' motion. *Robinson Aff. at ¶ 13*.

14. At no time prior to filing the Motion for Default Order did any one of Hughes' counsel call Mr. Robinson to discuss what they believed the due date for Taylor's Answer was, what Mr. Robinson's position was regarding the actual due date, or to inquire as to why Taylor's Answer was not filed. *Id. at ¶ 14*.

15. Mr. Robinson formed his calculation of the due date based on his interpretation of the Federal Rules of Civil Procedure. *Id. at ¶ 15*.

16. If Mr. Robinson erred in his calculations, his mistake (if any) was committed in good faith with reasonable reliance on the rules of civil procedure, and were not committed deliberately, willfully, or with any intention to delay or otherwise impede the judicial proceedings in this matter. *Id. at ¶ 16*.

**ARGUMENT**

**I.** **Taylor is not in default.**

Pursuant to Rule 4(d)(3), Fed. R. Civ. P., Taylor was required to file his Answer in this matter "60 days after the request was sent." *See also Rule 12(a)(1)(A)(ii)*, Fed. R. Civ. P. Because Hughes served his Request on Taylor by mail, service of the Request was effective on July 23, 2008, the date it was mailed. *Rule 5(b)(2)(C)*, Fed. R. Civ. P. "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." *Rule 6(d)*, Fed. R. Civ. P. Therefore, applying the foregoing Rules, Taylor's Answer was due 60 plus 3 days from the date it was mailed.

In computing any time period specified in the Federal Rules of Civil Procedure, the day of the event (mailing) is excluded, as is the last day of the period if it falls on a Saturday, Sunday or legal holiday. *Rule 6(a)(1) and (3)*, Fed. R. Civ. P. Applying these rules, 60 days from July 23, 2008 would be Sunday, September 21, 2008, making the time period under Rule 6(a)(3) run until the end of Monday, September 22, 2008. Adding three days to the time period pursuant to Rule 6(d) makes Taylor's Answer due at the end of September 25, 2008.

Hughes alleges that Mr. Robinson "acknowledged" in a Stipulated Motion to Extend Pretrial Deadlines (Doc. 15) that the due date for Taylor's Answer was September

22, 2008. Mr. Robinson strenuously disagrees. Mr. Lawson prepared that motion, not Mr. Robinson, solely for the purpose of amending the existing Scheduling Order to allow for more time to conduct discovery, designate experts, etc. Mr. Robinson did not "stipulate" to any due date for Taylor's Answer, nor did he ever agree to waive the relevant provisions of the Federal Rules of Civil Procedure. Mr. Robinson did not notice the discrepancy between Mr. Lawson's due date and his, Mr. Robinson did not acknowledge or agree to it in any way, and if he had noticed it, he would have immediately brought it to Mr. Lawson's attention. Finally, the Court did not order Taylor to file an Answer by September 22, 2008. *See Robinson Aff., ¶ 20.*

Therefore, Taylor was not in default on September 23, 2008, the day Hughes filed his Motion for Default Order (doc. 17), and the Default Certificate entered by the Clerk of the Court must be set aside.

### II.     **Taylor filed a timely Answer.**

Taylor filed his Answer on September 23, 2008 (doc. 19). Because his Answer was not due until September 25, 2008, he is not in default, and the Default Certificate must be set aside for good cause shown pursuant to Rule 55(c), Fed. R. Civ. P.

### IV.     **Alternatively, good cause exists to set the Default Certificate aside.**

If this Court disagrees with Taylor, and determines that he was in default on September 23, 2008, good cause exists to set aside the Default Certificate. Rule 55(c), Fed. R. Civ. P., provides that "[t]he court may set aside an entry of default for good cause." Here, Taylor's counsel relied on the federal rules to determine when Taylor's Answer is due. If counsel's interpretation of the rules is ultimately determined to be

mistaken, Taylor should not be prejudiced by his counsel's good faith interpretation of the Rules of Civil Procedure.

Defaults are a harsh sanction that are disfavored by courts. *Polaski v. Dept. of Transp.*, 198 Fed. Appx. 684, 685 (10th Cir. 2006) (quoting *Denis Gargerg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997)). Because default is the ultimate sanction, a defendant's conduct is considered culpable only if he has "defaulted willfully or has no excuse for the default." *Hunt v. Ford Motor Co.*, 1995 WL 523646 10th Cir. Aug. 29, 1995); *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). The good cause requirement in Rule 55(c) for setting aside entry of default "poses a lesser standard for the defaulting party than the excusable neglect with must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." *Garberg*, 115 F.3d at 775 n. 6.

Here, counsel's mistake (if it was a mistake) was well-intentioned, not willful or deliberate, and was not designed to delay the proceedings or accomplish some other objectionable purpose. Hughes will not be prejudiced by what he claims is a one-day delay in answering, nor has this brief delay negatively impacted the judicial proceedings in this case. Strong public policy favors the resolution of disputes such as this one on the merits, and default judgment should only be imposed when the judicial process has been halted because of an essentially unresponsive party. *Ruplinger v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991). That is clearly not the case here.

On the other hand, entry of default against Taylor would result in harsh and unfair prejudice to him. Taylor would be deprived of a defense on the merits, the most severe sanction that can be imposed on a defendant. Such a result would not, in any way, serve the federal court system's clear predisposition toward justice, fair play, and a hearing on

the merits of every case. Taylor has already filed his Answer with the Court, he has asserted meritorious defenses to Hughes' claims, and has made clear his desire to move forward with his defense on the merits.

Up to this point, Hughes has served three other defendants (Salt Lake City Corp., Rick Dinse and Heather Flanders), all of whom are represented by Taylor's counsel, Mr. Robinson, and all three have timely answered. The City and Flanders have also provided responses to extensive discovery requests by Hughes and produced over 1000 pages of documents. Mr. Robinson has had numerous conversations with Hughes' counsel, and has worked cooperatively with them to locate Taylor and effectuate service of process upon him. Hughes' counsel are well aware that Mr. Robinson represents Taylor, and they know how to contact him. At no time did Hughes' counsel contact Mr. Robinson to inquire why Taylor's Answer was not filed on September 22, 2008, or to see whether there was any miscommunication prior to filing the Motion for Default Order. The simple courtesy of a telephone call to counsel would have informed them of the actual due date for Taylor's Answer, or could have resulted in some agreement between the parties as to when the Answer should be filed.

Because good cause exists here, Taylor respectfully requests that this Court set aside the Default Certificate.

### III.     Hughes' Motion for Default Order fails to comply with the requirements of DUCivR 7-1(b)(1).

Finally, Hughes failed to comply with DUCivR 7-1(b)(1), which provides that "each motion must be accompanied by a memorandum of supporting authorities that is filed or presented with the motion." DUCivR 7-1(b)(1). Hughes filed a Motion for Default Order, but failed to file a supporting memorandum, as required by the Court's

rules. Because his Motion was not properly supported by any accompanying memorandum, his Motion for Default Order is not properly before the Court, and the Default Certificate should not have been entered until Hughes filed a supporting memorandum in compliance with the Court's rules.

Based on Hughes' failure to comply with the requirements of DUCivR 7-1(b)(1), the Default Certificate entered by the Clerk of the Court should be set aside.

## CONCLUSION

The Default Order entered by the Clerk of the Court should be set aside. Taylor is not in default, and he has timely filed his Answer. Even if the Court disagrees, and determines that Taylor is in default, good cause exists to set aside the Default Certificate. Taylor's counsel relied on the provisions of the Federal Rules of Civil Procedure in good faith to determine when Taylor's Answer was due. He concluded, in his opinion correctly, that Taylor's Answer is due September 25, 2008. If his conclusion is ultimately held to be incorrect, Taylor should not suffer the ultimate sanction of default based on his counsel's good-faith interpretation of the federal rules. Counsel's mistake (if any) was not deliberate or willful, no prejudice will result to Hughes, and no disruption to the judicial process has occurred. Conversely, Taylor would suffer the most severe sanction this Court could impose if the Default Certificate is not set aside. Such a result would not serve the interests of justice, fair play and a defense on the merits.

Federal courts disfavor default judgment, particularly where, as here, good cause is shown for an alleged failure to timely respond, the defaulting party (Taylor) immediately cures the alleged failure to respond, and asserts meritorious defenses to Hughes' claims.

Defendant David Taylor respectfully requests that this Court fulfill its obligation to afford both parties in this case an opportunity to be heard and to do justice between them. The interests of justice and fair play dictate that the Default Certificate entered in this matter be SET ASIDE.

DATED this _____ day of September, 2008.

/s/ J. Wesley Robinson
J. WESLEY ROBINSON
Attorney for David Taylor